

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00436-CV

**IN RE Thomas TERAN and Ruiz and Sons, Inc.**

Original Mandamus Proceeding[1]

Opinion by:     Beth Watkins, Justice

Sitting:        Patricia O. Alvarez, Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: March 23, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relators Thomas Teran and Ruiz and Sons, Inc. filed a petition for writ of mandamus challenging an order granting a motion for protective order and motion to quash certain discovery relators sought from real party in interest Foundation Surgical Hospital of San Antonio. After reviewing relators' petition, Foundation's response, relators' reply, and the mandamus record, we conditionally grant the petition for writ of mandamus.

### BACKGROUND

The underlying dispute arises out of an automobile collision between Victor Galvan, the plaintiff below, and relator Thomas Teran. Galvan alleges that at the time of the collision, Teran was driving a tractor-trailer owned by relator Ruiz and Sons, Inc. and was acting in the course and

---

[1] This proceeding arises out of Cause No. 2020-CI-02455, styled *Victor Galvan v. Thomas Teran and Ruiz and Sons, Inc.*, pending in the 166th Judicial District Court, Bexar County, Texas, the Honorable Laura Salinas presiding.

scope of his employment with Ruiz and Sons. Galvan seeks more than $1,000,000 in damages, including $500,000 in medical expenses, from defendants Teran and Ruiz and Sons. Approximately half of Galvan's claimed medical expenses arise from treatment he received from Foundation. Because Galvan did not provide Foundation with information on private insurance or government benefits that would cover his treatment, Foundation considered him a "private pay patient." While Foundation presented evidence that its "charges for a given procedure are the same, irrespective of whether the patient is covered by insurance, Medicare, or private pay," it also presented evidence that "[t]he amount the hospital may get paid will vary based on a number of factors," including the terms of Foundation's agreements with insurance providers.

Relators served Foundation—which is not a party to the underlying lawsuit—with a deposition on written questions and a subpoena duces tecum seeking information on the negotiated rates Foundation charges private insurers and government payors for the services it provided to Galvan. Relators contend this information is relevant to their defenses against Galvan's claims because it goes to the reasonableness of the "chargemaster"[2] rates Foundation charged for Galvan's treatment. Foundation objected to the requested discovery, arguing relators' requests were vague and overbroad and the information sought was "immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence"; "sensitive, private, confidential, proprietary, and protected business information, including trade secrets"; and/or was information "to which the parties have equal access or is available from other sources, including public sources."

On August 6, 2021, Foundation filed a motion for protective order and motion to quash. Foundation repeated its previous objections and argued that the information relators sought was

---

[2] "Chargemaster" rates are the full or list rates charged to uninsured patients. *In re K&L Auto Crushers, LLC*, 627 S.W.3d 239, 248 (Tex. 2021) (orig. proceeding).

"outside the bounds of acceptable discovery from a nonparty." It also argued the requested discovery was unduly burdensome. However, in the event the court required the production of the requested information and documents, Foundation requested "an appropriate protective order or order of confidentiality" and "the imposition of reasonable conditions to comply with the subpoena." As support for its motion, Foundation attached an affidavit from its business manager.

The trial court heard Foundation's motion on August 23, 2021. During the hearing, relators stated their discovery requests "track what the Texas Supreme Court said was relevant in" *In re North Cypress Medical Center Operating Co., Ltd.*, 559 S.W.3d 128 (Tex. 2018) (orig. proceeding). Relators also stated they were "willing to agree to a protective order" to address Foundation's confidentiality and trade secret concerns.

On September 14, 2021, the trial court signed an order granting Foundation's motion for protective order and motion to quash without explaining the basis for its ruling. This original mandamus proceeding followed.

## ANALYSIS

### Standard of Review and Applicable Law

Mandamus is an extraordinary remedy that is only appropriate to correct a clear abuse of discretion for which the complaining party lacks an adequate remedy on appeal. *K & L Auto*, 627 S.W.3d at 247. While a trial court has "broad discretion to decide whether to permit or deny discovery," a court's ruling on a discovery matter may constitute an abuse of discretion if the decision "is 'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id.* (quoting *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding)). A party seeking mandamus relief may establish that a trial court abused its discretion by showing "that the trial court could have reached only one conclusion and that a contrary finding is thus arbitrary and unreasonable" or by demonstrating "that the court erred in determining what the law

is or applying the law to the facts, even when the law is unsettled." *Id.* (internal quotation marks omitted).

Generally, a party may conduct discovery on "any matter that is not privileged and is relevant to the subject matter of the pending action." TEX. R. CIV. P. 192.3(a). Because discovery is intended to allow courts to decide disputes "based on what the facts reveal, not by what facts are concealed," we are required to liberally construe discovery rules "to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial[.]" *K & L Auto*, 627 S.W.3d at 248 (internal quotation marks omitted).

"Evidence of a medical provider's negotiated rates for private insurers and public payers is relevant, though not dispositive, when considering the reasonableness of its chargemaster rates." *In re ExxonMobil Corp.*, 635 S.W.3d 631, 633 (Tex. 2021) (orig. proceeding) (per curiam); *see also K & L Auto*, 627 S.W.3d at 248–49; *N. Cypress*, 559 S.W.3d at 135. In *North Cypress*, a case in which a patient challenged a medical lien based on the reasonableness of her medical provider's chargemaster rates, the Texas Supreme Court held the trial court did not abuse its discretion by requiring the provider to produce:

- "all contracts regarding negotiated or reduced rates for the hospital services provided to Plaintiff in which [the medical provider at issue] is a party, including those with Aetna, First Care, United Healthcare, Blue Cross Blue Shield, Medicare, and Medicaid";

- "the annual cost report [the medical provider at issue is] required to provide to a Medicare Administrative Contractor . . . as a Medicare certified institutional provider for" specified years; and

- Medicare and Medicaid reimbursement rates for services performed for the plaintiff.

*N. Cypress*, 559 S.W.3d at 130. In *K & L Auto*, the Texas Supreme Court extended its *North Cypress* holding to personal injury suits in which a tortfeasor challenges the reasonableness of chargemaster rates a plaintiff seeks to recover. *K & L Auto*, 627 S.W.3d at 250–51. The *K & L*

*Auto* court also held that a discovery request that tracks the requests at issue in *North Cypress* is "not overbroad as a matter of law." *Id.* at 253.

When a party resists discovery on the basis that the requests are unduly burdensome, it must bring forward evidence to support that complaint. *Id.* "'[C]onclusory allegations that the requested discovery is unduly burdensome'" will not suffice. *Id.* (quoting *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding)).

Finally, when a medical provider resists discovery of information regarding its negotiated rates on the basis that the information is confidential, proprietary, or a trade secret, it must show "that an appropriate protective order will not address [its] concerns." *K & L Auto*, 627 S.W.3d at 256. Before denying discovery of this information "on the ground that the requested documents contain confidential information or trade secrets," the trial court must consider "whether it could permit this discovery while protecting the information." *Id.*

### *Application*

#### *Clear Abuse of Discretion*

A.      Relevance, Overbreadth and Undue Burden

In the challenged discovery requests, relators sought the production of:

- A copy of all contracts in which Foundation is a party with Aetna, Blue Cross Blue Shield, Humana, United Healthcare, Cigna, Medicare, and Medicaid;

- An annual cost report that Foundation is required to provide to a Medicare Administration Contractor as a Medicare certified institutional provider for 2020;

- The Medicare and Medicaid reimbursement rates for each of the services Foundation provided to Galvan; and

- The reimbursement rates Foundation would have been paid for the services it provided to Galvan pursuant to Foundation's contracts with Aetna, Blue Cross Blue Shield, Humana, United Healthcare, and Cigna.

These discovery requests track those the supreme court approved in *K & L Auto* and *North Cypress*. *See K & L Auto*, 627 S.W.3d at 246; *N. Cypress*, 559 S.W.3d at 130. And, as in *K & L Auto*, the record shows relators "agreed to narrow [their] requests to the information *North Cypress* permitted." *K & L Auto*, 627 S.W.3d at 252. Accordingly, as the Texas Supreme Court has held, the discovery relators seek here is relevant and is not overbroad as a matter of law. *Id.* at 252–53.

Additionally, while Foundation argued below that relators' discovery requests are unduly burdensome, the only support it offered for that argument was its business manager's conclusory assertion to that effect. Such evidence is not sufficient to show relators' requested discovery is unduly burdensome. *K & L Auto*, 627 S.W.3d at 253.

For these reasons, to the extent the trial court concluded the requested discovery was irrelevant, overbroad, or unduly burdensome, it abused its discretion. *Id.* at 251, 253.

B.     Alternative Methods to Challenge Reasonableness

Foundation argues the trial court did not abuse its discretion by quashing the requested discovery because section 18.001 of the Texas Civil Practice & Remedies Code allows the reasonableness of medical charges to be challenged by affidavit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001. This argument implies relators do not need the requested discovery because they can instead "hire experts to opine that [Foundation's] chargemaster rates are unreasonable." *See K & L Auto*, 627 S.W.3d at 254. However, because an opinion on reasonableness "must be based on relevant facts and data," the *K & L Auto* court rejected a similar assertion, noting that "denial of discovery here limits [the requesting party] to offering speculative evidence rather than the providers' actual agreed rates with insurers and other payors[.]" *Id.* at 254, 257.

Foundation further notes that some of the information relators seek is publicly available. "The trial court could certainly limit discovery by excluding information [relators] could obtain

elsewhere, but it could not simply deny all access to the relevant facts and information because some of it might be available elsewhere[.]" *Id.* at 254.

For these reasons, to the extent the trial court quashed the requested discovery based on section 18.001 or because some of the requested information is publicly available, it abused its discretion. *See id.*

C.      Confidentiality, Trade Secret, and Protective Order

Finally, Foundation argues that *North Cypress*, *K & L Auto*, and *ExxonMobil* are not dispositive of its trade secret objections because those opinions "did not overrule the cases setting forth the standards governing trade secrets." It cites authority holding that "when a party resisting discovery establishes that the requested information is a trade secret under Rule 507, the burden shifts to the requesting party to establish that the information is necessary for a fair adjudication of its claim or defense." *In re Cont'l Gen. Tire*, 979 S.W.2d 609, 610 (Tex. 1998); *see also* TEX. R. EVID. 507. Because relators did not file a response to Foundation's motion for a protective order and motion to quash, Foundation argues relators did not present "evidence demonstrating the information was necessary for a fair adjudication of their challenge to the reasonableness of the charges for Foundation's treatment of Galvan." Foundation reasons that relators therefore have not overcome a presumption that the information they seek is privileged and is not discoverable.

We will assume, without deciding, that Foundation successfully established the requested discovery contains protected trade secrets or other confidential or proprietary information. Nevertheless, we disagree with its assertion that *North Cypress*, *K & L Auto*, and *ExxonMobil* are not dispositive here. In *North Cypress*, the supreme court noted that the party resisting discovery did not explain why a protective order "would be insufficient to address its [confidentiality] concerns." *N. Cypress*, 559 S.W.3d at 137. In *K & L Auto*, the supreme court explained:

> *Even if the requested documents contain confidential information or trade secrets*, the providers have not shown that an appropriate protective order will not address their concerns. . . . [The trial] court should have considered whether it could permit this discovery while protecting the information, yet the record contains no suggestion that the court ever did so. To the extent the court denied the discovery on this ground, we conclude the court abused its discretion.

*K & L Auto*, 627 S.W.3d at 256 (emphasis added). And in *ExxonMobil*, the supreme court held:

> [T]he providers' objection that the requests seek confidential information or protected trade-secret information also fails. A protective order could easily shield the information from unnecessary disclosure, and the providers failed to establish why such an order would be insufficient to protect their interests. The trial court did not state its reasons for denying ExxonMobil's motion, but to the extent it relied on concerns about confidentiality or trade secrets, it abused its discretion by failing to consider whether it could have permitted discovery while issuing a protective order.

*In re ExxonMobil*, 635 S.W.3d at 635. The supreme court has previously considered, and rejected, the suggestion that trade secret information is per se exempt from the rules announced in *North Cypress*, *K & L Auto*, and *ExxonMobil*. *See id.*; *K & L Auto*, 627 S.W.3d at 256; *N. Cypress*, 559 S.W.3d at 137.

While Foundation correctly notes that *North Cypress* and its progeny did not cite Texas Rule of Evidence 507 or overrule any prior supreme court case law, we conclude their outcomes—and our application of those outcomes to these facts—are consistent with existing trade secret jurisprudence. Both *K & L Auto* and *ExxonMobil* concluded that the discovery at issue went "to the heart of [the requesting party]'s case—that the providers' rates were unreasonable" and therefore unrecoverable. *In re ExxonMobil*, 635 S.W.3d at 635; *K & L Auto*, 627 S.W.3d at 256–57. *K & L Auto* and *ExxonMobil* effectively hold that when a tortfeasor challenges the reasonableness of a medical provider's chargemaster rates for the plaintiff's treatment, certain discovery on the provider's negotiated rates for the same treatment is necessary for a fair adjudication of that challenge. *Compare In re Cont'l Gen. Tire*, 979 S.W.2d at 610, *with ExxonMobil*, 635 S.W.3d at 635, *and K & L Auto*, 627 S.W.3d at 256–57. Additionally, while

Foundation argues that Texas Rule of Evidence 507 establishes a higher standard than that applied in *North Cypress* and its progeny, we note that rule explicitly provides that a responding party may refuse to disclose trade secret information "*unless* the court finds that nondisclosure will tend to conceal fraud *or otherwise work injustice.*" TEX. R. EVID. 507(a) (emphasis added). Taken together, Texas Rule of Evidence 507, *North Cypress*, *K & L Auto*, and *ExxonMobil* establish that under facts like these, the question of whether a trial court should limit discovery of a provider's negotiated rates is more appropriately addressed through protective orders and other targeted rulings, rather than a wholesale denial of discovery. *See* TEX. R. EVID. 507(c); *ExxonMobil*, 635 S.W.3d at 635; *K & L Auto*, 627 S.W.3d at 258; *N. Cypress*, 559 S.W.3d at 137.

Here, there is no indication that the trial court "considered whether it could permit this discovery while protecting the information[.]" *K & L Auto*, 627 S.W.3d at 256. Accordingly, "[t]o the extent the court denied the discovery on this ground, we conclude the court abused its discretion." *See id.*

*No Adequate Remedy by Appeal*

Relators argue they lack an adequate remedy on appeal because: (1) the trial court's denial of their requested discovery severely compromises their ability to challenge the reasonableness of Foundation's chargemaster rates; and (2) because Foundation is a third party, "the missing discovery . . . cannot be made part of the appellate record or challenged on appeal." Again, *K & L Auto* and *ExxonMobil* are directly on point and require us to agree with relators. The requested discovery "is likely relevant and critical to the reasonableness of the medical charges, and it would be difficult, at best, to determine on appeal whether the lack of discovery erroneously affected the outcome of the trial." *K & L Auto*, 627 S.W.3d at 257; *see also In re ExxonMobil*, 635 S.W.3d at 635–36. Accordingly, relators lack an adequate remedy by appeal. *In re ExxonMobil*, 635 S.W.3d at 635–36; *K & L Auto*, 627 S.W.3d at 256–57.

**CONCLUSION**

As was the case in *ExxonMobil*, "[t]he facts of this case closely parallel those of *K & L Auto*, and that opinion is dispositive of the issues presented here." *ExxonMobil*, 635 S.W.3d at 633. We therefore conditionally grant relators' petition for writ of mandamus and direct the trial court to vacate its September 14, 2021 Order on Nonparty Foundation Surgical Hospital of San Antonio's Motion for Protective Order and Motion to Quash. As was the case in *K&L Auto*, our order is without prejudice to the trial court's authority to craft an order that adequately protects the interests at stake and imposes reasonable conditions to comply with the subpoena. *See K & L Auto*, 627 S.W.3d at 245, 258. The writ will issue only if the trial court fails to comply within fifteen days of the date of our opinion and order.

Beth Watkins, Justice